IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERTO THOMPSON, | : | |
| Petitioner, | : | |
| | : | 1:14-cv-0947 |
| v. | : | |
| | : | Hon. John E. Jones III |
| WARDEN-USP LEWISBURG, | : | |
| | : | |
| Respondent. | : | |

# MEMORANDUM

## October 15, 2015

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by petitioner Roberto Thompson ("Thompson"), a federal inmate incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania. A response (Doc. 6) to the petition was filed on June 11, 2014. Thompson filed a traverse (Doc. 7) on June 18, 2014. The matter is ripe for disposition and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

## I.     BACKGROUND

Following trial in the United States District Court for the Southern District of New York, Thompson was found guilty of Interference with Commerce by Threats or Violence in violation of 18 U.S.C. § 1951, Discharging a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c),

and Felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  (Doc. 6-1, p. 2, ¶ 4; p. 24).  He was sentenced on March 7, 2006, to a 207 month term of incarceration.

He appealed to the United States Court of Appeals for the Second Circuit.  On appeal he argued that there was insufficient evidence that the robbery in which he participated affected interstate commerce, and that the jury charge was erroneous.  *United States v. Thompson*, 263 F. App'x 158, 159 (2d Cir. 2008). The conviction was affirmed on February 7, 2008.  *Id.* at 160.

On April 10, 2009, he filed a motion to vacate pursuant to 28 U.S.C. § 2255.  (Doc. 6-1, p. 28).  The motion was denied on July 6, 2010.  (*Id.* at p. 29).  As noted by Respondent, numerous other post-trial motions were filed, all of which were denied.  (Doc. 6, p. 3; Doc. 6-1, pp. 29-37).

The instant petition was filed on May 16, 2014.  (Doc. 1).  Thompson challenges the validity of the "falsified written commitment order dated March 1, 2006."  (*Id.* at p. 2).  He contends that he is "being held *via* false imprisonment on federal crimes that have no judgment of conviction against [him]."  (*Id.* at p. 1).

## II. DISCUSSION

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the

district of sentencing pursuant to 28 U.S.C. § 2255. *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 342 (1974)); *see In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255 (h); 28 U.S.C. 2244(3)(A). Thompson does not seek relief based on "newly discovered evidence" or a "new rule of constitutional law" so it appears that he is precluded from filing a second or subsequent 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence.

Instead, he attempts to utilize § 2241 to obtain the desired relief. Such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; *see Dorsainvil*, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. *See id.* at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002); *United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000); *Dorsainvil*, 119 F.3d at

3

251.  Rather, only when a federal prisoner is in an unusual position of having no earlier opportunity to challenge his conviction or where he "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision" can he avail himself of § 2241.  *Dorsainvil*, 119 F.3d at 251–52.

The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255 and Thompson fails to demonstrate that he falls within the *Dorsainvil* exception.  If a petitioner improperly challenges a federal conviction or sentence under section 2241, as is the case here, the petition must be dismissed for lack of jurisdiction.  *Application of Galante*, 437 F.2d 1154, 1165 (3d Cir. 1971).

Careful review of the petition reveals that Thompson also seeks to challenge the conditions of his confinement in asserting limitations on, and violations of, certain rights.  (Doc. 1, pp. 6-8).  A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement.  *Preiser v. Rodriguez*, 411 U.S. 45, 494 (1973); *Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993).  "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized

was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (quoting Powers of Congress and the Court Regarding the Availability and Scope of Review, 114 Harv.L.Rev. 1551, 1553 (2001)). When seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. *See Leamer*, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." *See Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir. 1993). Consequently, to the extent that Thompson seeks to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the claims will be dismissed without prejudice to his right to seek relief in a properly filed civil rights action.

### III. CONCLUSION

For the above stated reasons, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.